**UNITED STATES of America,**
**Appellee,**

v.

**Shayn TURNER, Defendant–Appellant.**

No. 06–4161–cr.

United States Court of Appeals,
Second Circuit.

Feb. 20, 2008.

Michael O'Brien, Syosset, N.Y. (Thomas A. Zonay, Woodstock, VT, prior appellate counsel), for Defendant–Appellant.

William B. Darrow, Assistant United States Attorney, for Thomas D. Anderson, United States Attorney for the District of Vermont, Burlington, VT, for Appellee.

PRESENT: Hon. WALKER, Hon. B.D. PARKER and Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

We assume familiarity with the underlying facts and procedural history of this case, as well as the issues on appeal. On December 20, 2004, Appellant Shayn Turner and his co-defendant Darrell Phillips robbed a bank in South Burlington, Vermont. Turner was the driver and Phillips was the gunman. After being questioned by the FBI, Turner admitted his involvement in the crime, turned over items used in the robbery, and gave a detailed confession.

Turner and Phillips were indicted in January 2005. Turner filed a Motion for Severance and Demand for Speedy Trial, anticipating delays arising from a planned psychiatric evaluation of Phillips. The United States District Court for the District of Vermont (Murtha, *J.*) denied the motion, but it later granted a motion to reconsider and severed Turner's case from Phillips's.

Trial commenced on August 18, 2005. The parties presented evidence on August 30–31. Turner relied on a duress defense, arguing that he was coerced into assisting Phillips. The jury found Turner guilty of bank robbery on August 31, 2005. One year later, the district court sentenced Turner principally to 92 months' imprison-

ment, followed by two years of supervised release.

Appellant first argues that his conviction should be vacated and the indictment dismissed because his rights under the Speedy Trial Act were violated. *See* 18 U.S.C. § 3161(c)(1). Appellant concedes, however, that he did not present this claim or move for dismissal on speedy trial grounds before the district court. Under 18 U.S.C. § 3162(a)(2), "[f]ailure of the defendant to move for dismissal [on speedy trial grounds] prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section."

Relying on *United States v. Sorrentino,* 72 F.3d 294 (2d Cir.1995), Appellant contends that we should nevertheless analyze his speedy trial claim under the plain error standard. However, we have recently held in *United States v. Abad,* 514 F.3d 271, 274 (2d Cir.2008) (per curiam), that "unpreserved Speedy Trial Act claims are deemed waived, in accordance with § 3162(a)(2)." *Abad* overrules *Sorrentino* to the extent that case suggests that Speedy Trial Act claims not raised below are subject to plain error review. *Id.* Because Appellant did not raise a Speedy Trial Act claim or move for dismissal before the district court, he has waived that claim on appeal.

Appellant next contends that, for a number of reasons, he received ineffective assistance of counsel. We conclude that the record does not allow us to review this contention, which would be better addressed in a petition for habeas corpus under 28 U.S.C. § 2255. *See, e.g., United States v. Oladimeji,* 463 F.3d 152, 154 (2d Cir.2006) ("Where the record on appeal does not include the facts necessary to adjudicate a claim of ineffective assistance of counsel, our usual practice is not to consider the claim on the direct appeal, but

to leave it to the defendant to raise the claims on a petition for habeas corpus under 28 U.S.C. § 2255."); *United States v. Gaskin,* 364 F.3d 438, 467–68 (2d Cir. 2004) (observing that the district court is "best suited to developing the facts necessary to determining the adequacy of representation during an entire trial") (internal quotation marks omitted).

Finally, we reject Appellant's assertion that the district court committed plain error by inadequately instructing the jury on the voluntariness of his statements to law enforcement officials. It does not appear that voluntariness was an issue below, but rather that Appellant conceded the voluntariness of his statements at trial. *See United States v. Fuentes,* 563 F.2d 527, 535 (2d Cir.1977) (holding that "an instruction of the kind required by 18 U.S.C. § 3501 is mandated only where an issue of voluntariness has in fact been raised at trial."). In any event, the record reflects that the district court charged the jury in conformity with 18 U.S.C. § 3501(a), which requires a trial judge to "instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances."

We have considered Turner's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of conviction is AFFIRMED.